UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

CHERYL LORENE NIXON,  No. 16-10681

                      Debtor(s).
_____/

Memorandum on Motion to Deem Requests for Admission Admitted and Other Relief
_____

    In this Chapter 13 case, debtor Cheryl Nixon has objected to the claim of the California State Board of Equalization. Along with the objection to claim, Nixon's counsel propounded discovery, including requests for admissions, all of which he sent to the notice address in the proof of claim. The BOE received and responded to the objection, but states that it has no record of receiving the discovery. It states that it first learned of the discovery on January 27, 2017, at the initial hearing on the objection to its claim. It received copies of the discovery from counsel on February 9, 2017, and fully responded within 15 days.

    Nixon has filed a motion to compel discovery, for sanctions, and for an order deeming the requests for admission to be admitted. She admits that the BOE has now fully responded, but argues that because the responses to the requests for admissions were late they are ineffective and therefore the BOE should be deemed to have admitted them.

1

The court begins by noting that neither the objection to the claim nor the discovery were served properly. The address stated in the proof of claim is only the address to which general notices required by Rule 2002 of the Federal Rules of Bankruptcy Procedure are given. Objections to the claim, since they commence a contested matter, must be served pursuant to Rule 7004 as required by Rule 9014. *In re Levoy,* 182 B.R. 827, 833-34 (9th Cir. BAP 1995).[1] However, the court would not grant the motion even if the discovery had been properly served.

A trial judge has discretion to permit a late response to a request for admissions and thus relieve a party of apparent default. *French v. U.S.,* 416 F.2d 1149,1152 (9th Cir. 1969). There are two requirements to be met: that upholding the admissions would practically eliminate presentation of the merits of the case, and that the party who obtained the admissions must not be prejudiced. *Conlon v. U.S.,* 474 F.3d 616,621 (9th Cir. 2007); *Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir.1995). The party relying on the admissions has the burden of proving prejudice. *Conlon,* 474 F.3d at 622.

The first requirement is clearly met, in that the BOE would be deemed to admit that the taxes which are the basis for its claim were in fact paid, so there would be nothing left to decide on the merits. As to prejudice, Nixon has not identified any and in fact the court has been very solicitous towards her, granting her extra time to confirm her plan well beyond the time afforded to most Chapter 13 debtors.

To summarize, the discovery propounded by Nixon with her objection to the BOE claim was not properly served. Even if service had been proper, it is well within the court's discretion to excuse the late response and the court finds good cause to exercise this discretion in favor of the BOE. There is no suggestion that the BOE has in any way acted in bad faith, and Nixon has not suffered any prejudice. Accordingly, her motion will be denied. The court deems the BOE's opposition to be a motion to withdraw its admissions pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, and as such it will be granted. Counsel for the BOE shall submit an appropriate form of order.

---

[1] A later, contrary opinion of the Appellate Panel was vacated by the Court of Appeals.

Dated: March 29, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge

3